IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TY DOUGLAS GOSSETT, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:14-CV-881-O |
| § | |
| LORIE DAVIS, Director,[1] § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Ty Douglas Gossett, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

On December 10, 2010, in Tarrant County, Texas, Petitioner entered an open plea of guilty to one count of possession with intent to pass a forged instrument, a counterfeit $20 bill, and a plea of true to the enhancement paragraph alleging a prior felony conviction, and the trial court assessed his punishment at fifteen years' confinement.[2] Adm. R., Clerk's R. 52, ECF No. 15-3. Petitioner appealed, but the Eighth District Court of Appeals of Texas affirmed the trial court's judgment. *Id.*,

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

[2] In the same court on the same day, Petitioner also entered open guilty pleas to evading arrest or detention, evading arrest or detention with a vehicle, debit card abuse, unauthorized use of a vehicle, and burglary of a building. Adm. R., Appellant's Brief 1-3, ECF No. 15-5; TDCJ's Offender Information Details, http://www.tdcj.state.tx.us.

Op. 7, ECF No. 15-5. Petitioner did not seek further direct review but did file a state habeas application, raising one or more of the claims presented in this petition, which was denied without written order on the findings of the trial court. Adm. R., WR-82,032-02, ECF Nos. 15-10 & 15-11. This federal petition followed.

The state appellate court set out the factual background relevant to the instant offense as follows:

> On November 23, 2009, Sergeant Chris Spieldenner of the River Oaks Police Department received a crime stoppers tip reporting that Appellant was counterfeiting money. The person who made the report also named a 7–Eleven location where Appellant had allegedly passed a counterfeit bill. Sergeant Spieldenner went to the 7–Eleven to follow up on the tip. He found a counterfeit twenty dollar bill at the location, and, via the 7–Eleven's surveillance videos, he was able to verify that Appellant was the person who passed the bill.

Adm. R., Op. 2-4, ECF No. 15-5.

## II. ISSUES

Petitioner raises four grounds for habeas relief:

(1) There is a "fatal variance between indictment and information";
(2) He received ineffective assistance of trial counsel;
(3) He received ineffective assistance of appellate counsel; and
(4) There was "no evidence and excessive sentence for a class B misdemeanor offense under Texas Penal Code authorities."

Pet. at 6-7.

## III. PROCEDURAL DEFAULT

Respondent does not contend that the petition is successive or untimely but does contend that Petitioner's second ground for relief is unexhausted and procedurally barred from the Court's review. Resp't's Answer 5, 13-17, ECF No. 13.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in

state court before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state postconviction proceedings. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Fisher,* 169 F.3d at 302; *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement has both a legal component and a factual component. *Scott v. Hubert,* 635 F.3d 659, 667 (5th Cir. 2011). The legal component requires a petitioner to present his claims to the state court within a "federal constitutional framework." *Id.* That is to say, the claim must either be framed "'in terms so particular as to call to mind a specific right protected by the Constitution[,] or allege[ ] a pattern of facts that is well within the mainstream of constitutional litigation.'" *Id.* The factual component dictates that a petitioner must have presented the state court with material evidentiary support for his constitutional claim. *Id.* The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Anderson v. Johnson,* 338 F.3d 381, 386 (5th Cir. 2003). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier,* 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, a Texas prisoner may typically satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a state habeas postconviction proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2015); *Depuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988).

In his state habeas application, Petitioner raised the following ineffective-assistance-of-trial-counsel claim (all spelling or grammatical errors are in the original):

Mr. Factor, while representing me during official proceedings, knowingly violated

3

> my "civil rights" and denied me effective assistance of counsel insofar as showing up under the influence of alcohol and sleeping during actual portions of "Gossett" guilt and sentencing phase.
>
> Mr. Factor failed to object to the destruction of Brady material, excessive sentence, improper charge, improper enhancement notices. These facts alone cannot remotely be sound trial strategy. Counsel was under a duty imposed by legislative law to represent "Gossett" accordingly, however the totality of counsel advocacy was egregious and prejudice to defense.

Adm. R., WR-82,032-02, 38, ECF No. 15-11.

In his federal petition, Petitioner raises the following claim (all spelling or grammatical errors are in the original):

> Movants constitutional protection of civil rights were breached by Abe Factor who knowingly advocating on behalf of the states cause, trial counsel performance caused actual prejudice to movants case in that said counsel knew there was no commission of a offense for counterfeiting, thus deviating from his professional responsibility to a client in a criminal advesary process.

Pet. 6, ECF No. 1.

The Court agrees that the claim raised by Petitioner in his state habeas application does not sufficiently correspond to the instant claim. Thus, the instant claim raised for the first time in his federal petition is unexhausted for purposes § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, Petitioner cannot now return to state court for purposes of exhausting the claim. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Petitioner's second ground is unexhausted and procedurally barred from this Court's review. *See Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

## VI. VARIANCE BETWEEN INDICTMENT AND PROOF/NO EVIDENCE

Under his first ground, Petitioner claims there is a fatal variance between the "indictment and information." Pet. 6, ECF No. 1. By way of supporting facts, he states (all spelling or grammatical errors are in the original):

> Movants constitutional protection of civil rights were breached by the prosecutor who prepared a felony indictment knowing the elements of information actually sustain a class B offense. Both prosecutor and affidavit of arrest warrant clearly misrepresent material facts of any actual counterfeiting crime. Prosecutors knew these facts prior to entry of a plea.

*Id.*

Under state law, a person commits forgery if he possesses a forged writing, with intent to pass and defraud or harm another, that purports to be the act of another who did not authorize the act. TEX. PENAL CODE ANN. § 32.21(a)(1), (b) (West 2011). The offense is a third-degree felony if the writing is or purports to be "part of an issue of money." *Id.* § 32.21(e).

In this case, the indictment alleged that on or about November 26, 2009, Petitioner did–

> then and there intentionally, with intent to defraud or harm another, possess with intent to pass, a forged writing knowing such writing to be forged, and such writing had been so made that it purported to be the act of John W. Snow who did not authorize the act and said writing was or purported to be part of an issue of money of the tenor following:
> [a $20 bill]

Adm. R., WR82,032-02, 98, ECF No. 15-13. The indictment also included a repeat-offender notice, alleging that Petitioner had been finally convicted of robbery by threats in cause number 0927516D on April 12, 2006. *Id.*

At the plea proceedings, Petitioner pleaded guilty to the offense, a third-degree felony, and true to the repeat-offender notice, thereby increasing the sentencing range to that of a second-degree

5

felony, or from 2 to 20 years' confinement and a fine not to exceed $10,000. TEX. PENAL CODE ANN. §§ 12.33 & 12.42(a) (West 2011 & Supp. 2014). The record reflects that Petitioner was admonished in writing and in open court that he was charged with a "Third Degree Felony Enhanced" and the applicable range of punishment and that he acknowledged in writing and open court that he understood the charge and range of punishment. Adm. R., WR-82,032-02, 71, 75,100-04, ECF Nos. 15-12 &15-13; Reporter's R., vol. 3, 6, ECF No. 15-4.

Based on the record and his recollection of the plea proceedings, the state habeas court found that Petitioner pleaded guilty and judicially confessed that he "committed each and every act alleged in the indictment, except those waived by the state; that Petitioner's judicial confession was consistent with the offense alleged in the indictment; and that there was no evidence a fatal variance occurred. *Id.*, WR-82,032-02, 71, ECF No. 15-2. Based on its findings, and citing state law only, the court entered the following legal conclusions:

3. A fatal variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial.

4. A judicial confession provides sufficient evidence to sustain a conviction based on a guilty plea.

5. Because Applicant judicially confessed to the offense as alleged in the indictment, Applicant has failed to prove that there was a discrepancy between the allegations in the indictment and the proof at trial.

6. Applicant has failed to prove that a fatal variance occurred.

*Id.* at 75 (citations omitted).

Further, under his fourth ground, Petitioner claims there is no evidence he committed the offense, but only that he possessed a counterfeit $20 bill, and, thus, his sentence is excessive "for a Class B misdemeanor offense under Texas Penal Code authorities." Pet. 7, ECF No. 1. The state

6

habeas court found there was no evidence that Petitioner was not properly charged. Adm. R., WR-82,032-02, 74, ECF No. 15-12. It entered the following factual findings:

> 38. Applicant was charged with possession with intent to pass a counterfeit $20 bill with intent to defraud or harm another.
>
> 39. Applicant was identified as the person who passed a counterfeit $20 bill in exchange for goods and cash at a 7-Eleven.
>
> 40. A counterfeit bill was found in Applicant's pants pocket when he was later arrested.
>
> 41. Applicant's sentence was enhanced to a second degree punishment.
>
> 42. Applicant was convicted of a third degree felony enhanced by one prior felony conviction.

*Id.* at 74-75 (record citations omitted).

Based on its findings, the state court entered the following legal conclusions:

> 64. Because Applicant was (1) found in possession of a counterfeit bill and (2) identified as the person who passed a counterfeit $20 bill at the 7-11 for goods and change, Applicant was properly charged with possession with intent to pass a counterfeit $20 bill with intent to defraud or harm another.
>
> 65. Applicant was properly charged with a third degree felony offense [under Texas Penal Code §32.21(e)(1)]."
>
> 66. Applicant's sentence was enhanced to a second degree punishment.
>
> 67. Applicant was convicted of a third degree felony enhanced by one prior felony conviction.
>
> 68. The applicable range of punishment is two to twenty years.
>
> 69. Applicant fifteen year sentence was proper and authorized by law.

*Id.* at 82 (citations omitted).

Petitioner has failed to demonstrate that the state court's adjudication of these claims is

contrary to, or involves, an unreasonable application of Supreme Court precedent. There is no variance between the indictment and the proof. Petitioner entered a guilty plea and judicially confessed that he–

> committed each and every act alleged [in the indictment or information], except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense . . . . All enhancement and habitual allegations set forth in the indictment are true and correct, except those waived by the State. . . .

*Id.* at 104, ECF No. 15-13.

It is not the province of a federal habeas court to reexamine state-court determinations on state law questions. *Trevino v. Johnson,* 168 F.3d 173, 184 (5th Cir. 1999) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)).

Further, the Fifth Circuit has repeatedly recognized that a state court has no federal constitutional duty to establish a factual basis for the guilty plea unless the judge has notice that such an inquiry is needed. *Banks v. McGougan,* 717 F.2d 186, 188 (5th Cir. 1983). Under state law, Petitioner's judicial confession is sufficient evidence to establish the necessary elements of the offense. *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex. Crim. App. 1980).

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Finally, Petitioner claims his appellate counsel was ineffective and sets forth the following supporting facts (all spelling or grammatical errors are in the original):

> Movants constitutional protections were breached by appellate counsel's failure to raise arguably stronger issue for direct review process. Counsel knew the court of appeals only reviews errors presented in the proper posture, and the C.O.A. jurist are not under obligation to undertake an independent investigation of trial errors. Counsel acts an extension of the trial courts.

Pet. 7, ECF No. 1.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983).

Petitioner's claim is vague and ambiguous. He fails to assert any issue or issues counsel should have, but did not, raise on appeal or demonstrate that he would have prevailed on appeal had counsel done so. Mere conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue. *Green v. Johnson,* 160 F.3d 1029, 1042 (5th Cir. 1998). To the extent Petitioner attempts to incorporate the ineffective-assistance claim in his state habeas application, he raises no meritorious issues. As such, he cannot show he would have likely prevailed on appeal had counsel raised the claims.

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 is **DENIED**. A certificate of appealability also **DENIED**.

    **SO ORDERED** on this 30th day of June, 2016.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**